# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2020

Lyle W. Cayce
Clerk

No. 19-50251
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLOTTE NICOLE O'NEAL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18:CR-257-13

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Charlotte Nicole O'Neal pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, and the district court imposed a sentence of 120 months in prison to be followed by five years of supervised release. On appeal, O'Neal argues that the Government breached the terms of the plea agreement by failing to discharge its obligation to inform the district court of the nature and extent of her cooperation.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50251

Because, as she concedes, O'Neal did not raise the issue of the alleged breach before the district court, we review for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Kirkland*, 851 F.3d 499, 502-03 (5th Cir. 2017). The record, as supplemented, reveals that the Government provided the district court with a detailed account of O'Neal's cooperation as well as an explanation of why her cooperation did not rise to the level of substantial assistance meriting a U.S.S.G. § 5K1.1 motion. Moreover, the district court reviewed O'Neal's departure motion, in which she set out some details of the nature and extent of her alleged cooperation. *See United States v. Hooten*, 942 F.2d 878, 884 (5th Cir. 1991). Accordingly, O'Neal has not met her burden of establishing by a preponderance of the evidence that the Government breached its obligation under the plea agreement. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.